UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,                           )
                        Plaintiff,        )
                                          )        No. 1:22-cv-883
-v-                                       )
                                          )        Honorable Paul L. Maloney
ALAN KOENIG, *et al.*,                    )
                        Defendants.       )
_____   )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Alzono Shaffer, without the benefit of counsel, filed a complaint on September 22, 2022.  He requested permission to proceed without the payment of fees, which has been granted.  The Magistrate Judge reviewed the complaint and issued a report recommending the Court dismiss the lawsuit for failure to state a claim.  (ECF No. 5.) Plaintiff filed objections.  (ECF No. 6.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge describes the complaint as "largely unintelligible."  (PageID.26.) The Magistrate Judge finds that Plaintiff fails to assert facts that would establish a legal claim

for which this Court could grant any relief against these defendants.  In his complaint, Plaintiff identifies other lawsuits he has filed in this district, including a lawsuit against Judge Quinn Benson, 1:22cv804.  In this lawsuit, Plaintiff sues several individuals associated with the Kalamazoo Public Defenders Office.  Reading the various complaints, the Court infers that Plaintiff here has been involved in some criminal action in the state courts in which he had to undergo a medical and or mental evaluation.

Plaintiff's objection contains less information than does his complaint.  In his objection, Plaintiff simply lists possible claims (*e.g.,* "gross negligence to molestation" and "right to make bair children").  Plaintiff does not identify any mistake of fact or error of law in the report and recommendation.

The Court OVERRULES Plaintiff's objection.  Plaintiff has not pled sufficient facts necessary to support a claim for which this Court might grant relief.  "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted).  Naked assertions without further factual enhancement, formulaic recitations of the elements of a cause of action, and mere labels and conclusions will be insufficient for a pleading to state a plausible claim.  *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted).

Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion. (ECF No. 5.)

The Court has reviewed the complaint for the purpose of determining whether any appeal would be taken in good faith.  The Court concludes that the factual allegations in the complaint are so incomplete that any appeal would be frivolous.

**IT IS SO ORDERED.**

Date:    October 19, 2022                          /s/  Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge